THE STATE, ELIAS D. SMITH, PROSECUTOR, v. THE BOARD OF EXCISE OF THE CITY OF ELIZABETH, AND PETER CARSTENS.

1. The act creating an excise board in Elizabeth, gives it exclusive power to license persons to keep inns and taverns, and authorizes it to act on applications accompanied by certificates signed by twelve freeholders. A certificate signed by fourteen persons, ten of whom acquired what freehold qualification they had by deeds made to them by an applicant for valueless lots of salt meadow, which deeds were made without consideration, and for the sole purpose of qualifying and inducing the grantees to sign the certificate, of which deeds some, though recorded by the grantor, were never delivered, and the others, though apparently delivered, were returned to and retained by him, is a mere contrivance to evade the law, and to impose on the tribunal authorized to decide whether the license applied for should be granted. Upon such facts being disclosed a license should be refused.

2. These facts were first presented to this court on a *certiorari* to review the action of the board in granting the license. *Held*, that if presented to the board, that tribunal would have been required to consider and adjudicate on them ; and that prosecutor neither having presented nor made any attempt to present the facts to that tribunal, he was not entitled to require this court to adjudicate on them under the ninth section of the *certiorari* act, (*Rev.*, p. 99,) as amended by the act of February 17th, 1881. *Pamph. L.*, p. 34.

3. That legislation does not require this court to consider and determine

Smith v. Elizabeth.

disputed questions of fact, which might have been presented by prosecutor in the inferior tribunal, but which he made no attempt to present there.

On *certiorari.*

Argued at February Term, 1884, before Justices KNAPP, DIXON and MAGIE.

For the prosecutor, *E. S. Atwater.*

For the defendants, *P. H. Gilhooly.*

The opinion of the court was delivered by

MAGIE, J.    This *certiorari* brings up for review the action of the board of excise of the city of Elizabeth, in granting to Peter Carstens a license to keep an inn and tavern in that city.

The board of excise was created by a supplement to the charter of Elizabeth, approved March 17th, 1870.    Exclusive power to grant licenses to keep inns and taverns was thereby given to the board, whose action is required to be based on a petition of the person applying, which must state the place where the inn and tavern is proposed to be kept, and be accompanied by a certificate signed by twelve respectable citizens and freeholders of the ward in which such place is situate, setting out certain facts.

Prosecutor objects to the action of the board in this case, on the ground that the certificate annexed to Carstens' application was not signed in conformity with the requirements of an act approved March 23d, 1883.    *Pamph. L., p.* 194. But that act (which is not a supplement to the Inns and Taverns act,) by its terms relates only to applications for license presented to Courts of Common Pleas.    We find nothing in the charter of this city or its supplements which serves to make this law applicable to the board of excise.

Prosecutor further objects to the action of the board, on

the ground that Carstens' petition was not accompanied by a certificate signed as required by the law.

The affidavits taken clearly show that of the fourteen signers of the certificate, two were not freeholders, one other was a non-resident of the city, and ten of them had acquired a freehold qualification (if at all) by deeds made to them by Carstens without consideration and for the sole purpose of qualifying them to sign, and of inducing them to sign the certificate. The deeds in question each conveyed a single parcel of land, some of them being of irregular shape. The land was located in the salt meadows at a distance from streets, buildings or improvements. Some parcels had no front, even on the nominal streets laid down on the map on which the lots were delineated. While the property has some small value by the acre as meadow land, it has no real value when cut up into such lots.

Some of these deeds were never delivered to the grantees. All of them, though recorded, (which was done by Carstens,) appear to have been returned to and are yet retained by the grantor.

These facts render it entirely clear, in my judgment, that Carstens was not entitled to license. His petition was not accompanied by a certificate signed .by twelve respectable citizens and freeholders, for some of them never acquired the title which it was intended to confer on them, and his whole scheme was a mere contrivance to evade the law, which requires a certificate of actual and independent freeholders, and to impose a sham certificate on the tribunal which was thereon to decide whether to grant him license. So that if this question ought to be taken into consideration by this court, I should not hesitate to say that the application was based on a false pretence which ought not to be tolerated in any tribunal.

But these facts were not presented before the board of excise prior to their action in granting the license. That board has been given power to receive and hear such applications, and thereon to grant or to withhold a license. It has power

to revoke a license granted for cause shown. Without determining the extent of the power vested in this board, or the precise mode in which it may be exercised, it is sufficient for this case to say that its power plainly extends to a consideration of such facts as are here presented, and an adjudication thereon whether an application has been made to them in the manner required by law.

If these facts had been presented to the board of excise it, would have been their duty to consider them, and adjudicate the question so raised. If they had failed in this duty their action would have been subject to review. *Dufford* v. *Nolan,* *ante p.* 87. No attempt, however, seems to have been made to present these facts to this, the appropriate tribunal. If they had been there presented, we cannot doubt that the application would have been rejected by the board, the presiding officer of which is the mayor, and the remaining members are appointed by the city council of the city.

The question therefore now presented is, whether it is the duty of this court to consider an objection of this kind which might have been, but was not made in the tribunal whose action is under review. The question was raised in Dufford v. Hoagland, argued and decided with *Dufford* v. *Nolan, supra.* It was not necessary to decide it then, but it now requires decision.

It is insisted that this court is required to determine such questions by the provisions of the ninth section of the *Certiorari* act, (*Rev., p.* 99,) as amended by the supplement of February 17th, 1881, (*Pamph. L., p.* 34,) which makes it the duty of this court, upon a *certiorari* reviewing the proceedings of any special statutory tribunal, to determine disputed questions of fact as well as of law, and to reverse or affirm the proceedings according to the justice of the case.

In looking at the tribunal whose action is before us for review, I think it must be conceded that it is a special statutory tribunal within the meaning of this legislation.

I also conclude that there are cases in which this court is required, by this legislation, to determine questions of fact

which are here disputed for the first time, and which were not presented to, or disputed in the tribunal below.

But is there no limit to this requirement? Must this court, at the bidding of every prosecutor in such *certioraris*, determine every disputed question of fact, so as to reach the justice of the case? If this be the true construction of this legislation, it is obvious that any person affected by proceedings before one of these special statutory tribunals, now so numerous, may reserve his objections, refrain from presenting facts on which the tribunal could pass, and then, obtaining a *certiorari*, could require this court to perform the duty which that tribunal might have performed, but was not called on to perform.

In my judgment, this legislation does not cast this unlimited duty upon the court. It was never designed to prevent this court, in accordance with its usual practice, from refusing to permit a suitor who is in laches to escape the consequences of his laches. It leaves the court free to say to a prosecutor who asks a determination of disputed questions of fact, which might have been, but were not presented below, that his laches in not taking his objection at the proper time and in the proper way, have debarred him from relief in this court.

It is not intended hereby to interpret the legislation now in question any further than it bears on this case. As to that, our determination is, that when a prosecutor, having a legal right and opportunity to make an objection in the tribunal whose judgment he questions, has made no effort to present that objection there, this court will not consider such an objection, and thereon determine disputed questions of fact.

The prosecutor here has intervened in the interest of the public. In that capacity he had a standing before the board of excise, and was entitled to present there these precise objections, which the board were bound to hear and determine. *Dufford* v. *Nolan, supra.* Neither the prosecutor nor any other person presented any objection before that board. In

consequence, I think this court ought not to consider them now.

Prosecutor further objects that the board of excise declined to revoke this license after their attention had been called to the defects in the certificate.

But it does not appear that the specific facts now shown were laid before the board. A communication from prosecutor, addressed to the board, and requesting the revocation of the license, appears to have been received. What was done thereon does not appear. If prosecutor complains of a failure to proceed to determine the question of revocation, he should show that the board was legally bound to proceed, and then his remedy would be by *mandamus* to compel them to proceed, and not by *certiorari*.

Under the circumstances of the case, the writ should be dismissed, but without costs.